## THE PORT JOHNSON TOWING CO. NO. 7.

### (Circuit Court of Appeals, Second Circuit. March 14, 1916.)

### Nos. 166, 167.

COLLISION ⊜⟿82(2)—COLLISION WITH TOW—NEGLIGENT NAVIGATION IN FOG.
    A tug navigating in a fog without a tow, at a speed of about 4 miles and which, knowing that there was a tow ahead and hearing the whistle of the towing tug, proceeded without change of course or speed until she came into collision with the tow, *held* solely in fault.

[Ed. Note.—For other cases, see Collision, Cent. Dig. §§ 170, 172–174; Dec. Dig. ⊜⟿82(2).]

⊜⟿For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Appeals from the District Court of the United States for the Eastern District of New York.

Suits in admiralty for collision by Edward J. Phalen and by A. J. & J. J. McCullom against the steam tug Port Johnson Towing Company No. 7; Port Johnson Towing Company, claimant. Decrees for libelants, and claimant appeals. Affirmed.

For opinion below, see 229 Fed. 267.

Park & Mattison, of New York City (Samuel Park, of New York City, of counsel), for appellant.

Foley & Martin, of New York City (William J. Martin and George V. A. McCloskey, both of New York City, of counsel), for appellees.

Before COXE, WARD, and ROGERS, Circuit Judges.

COXE, Circuit Judge. These appeals are from decrees entered by Judge Chatfield against the tug No. 7 running without a tow, and in favor of the barges McAllister and Phalen, for damages occasioned by a collision which occurred in a fog, just as the tow had come through the Buttermilk Channel, northwest of Governor's Island, December 2, 1914. The barges were part of a fleet of twelve barges which were being towed by the tug Nellie Tracy. The barges McAllister and Phalen were in the first tier of the tow. The collision occurred about 5:30 p. m.

There is some dispute over the density of the fog, but we do not think that it is very material how dense the fog was, for if it were a light fog the master of the tug No. 7 could have seen the tow and, as the tug was not encumbered in any way, should have avoided the string of boats. If, on the contrary, the fog were so dense that he could not see at all, he should have stopped or proceeded at such moderate speed that he could have avoided a collision. He was going about four miles an hour.

We have, then, a case where a tug navigating in a fog, and knowing that there is a tug and tow ahead, proceeds, without changing course or speed, until she is right on top of the tow. The Tracy was proceeding at moderate speed—not over 2½ miles an hour—and blew her whistle, which was heard on the No. 7. It seems to us that a clear case of negligence on the part of the No. 7 is established. In the Chicago and the City of Augusta, 125 Fed. 712, at page 715, 60 C. C. A. 480, at page 483, we said:

"This court has repeatedly held, following the Supreme Court, that a vessel which is primarily in fault for a collision cannot shift its consequences in part upon the other vessel without clear proof of the contributing negligence or fault of the latter. Her own negligence sufficiently accounts for the disaster."

The decrees of the District Court are affirmed with costs.